# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| CYNTHIA RANDOLPH, ET AL. | * | CIVIL ACTION NO.  09-2020 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| STEVE WYATT, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## ORDER

### a) Diversity Allegations

Defendants removed the above-captioned matter to federal court on the basis of diversity jurisdiction.  28 U.S.C. §1332.  When jurisdiction depends on citizenship, "citizenship must be 'distinctly and affirmatively alleged.'"  *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source).  This rule requires "strict adherence."  *Id.*

For purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).[1]  Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations because "only natural persons and corporations have a legal existence — for diversity purposes — that is not dependent on the

---

[1]  Under Louisiana law, a limited liability company is an unincorporated association.  La. R.S. 12:1301A(10).  However, the law of the state where the defendant LLC is organized may differ.  If so, removing defendants shall address this issue in their amended notice of removal. *See* discussion, *infra*.

citizenship of their constituent members." Brief of Cerberus Capital Management, L.P., *Lawson v. Chrysler LLC*, Civil Action No. 08-0019 (S. D. Miss. Dec. 18, 2008); *Lewis v. Allied Bronze, LLC, supra*; *see also*, *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

In this case, removing defendants have not identified the members and citizenship of the defendant LLC. *See* Notice of Removal, ¶ 3. Accordingly, within the next 15 days from the date of this order, removing defendants are granted leave of court to file an amended notice of removal which establishes diversity jurisdiction. *See*, 28 U.S.C. § 1653. If defendants fail to so comply, or if jurisdiction is found to be lacking, then the case will be remanded to state court. 28 U.S.C. § 1447(c).

### b) Amount in Controversy

The diversity statute requires that the amount in controversy exceed $75,000. A removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. *Simon v. Wal Mart Stores*, 193 F.3d 848 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

In accordance with state law,[2] plaintiffs have not specified the numerical value of their

---

[2] La. Code Civ.P. Art. 893.

damage claims, and the jurisdictional amount is not otherwise "facially apparent" from the complaint. *Simon*, 193 F.3d at 850. Furthermore, defendants have failed to set forth sufficient specific facts to establish jurisdiction. *See* Notice of Removal.

Accordingly, within the next 15 days from the date of this order, removing defendants shall file a memorandum setting forth specific facts in controversy which support a finding that the requisite amount in controversy is satisfied in this case. Supporting documentation and/or affidavits are advisable. Plaintiffs will be allowed ten days to respond to defendants' arguments.

**c)  Improper Joinder**

Also pending before the court is plaintiffs' motion to remand. [doc. # 4]. One of the issues raised by the motion is whether plaintiffs have any reasonable possibility of recovery against the non-diverse defendant(s). The Fifth Circuit has noted that, "[s]ummary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir. 1990).

Accordingly, the parties are hereby notified that if, *and only if*, the court finds that plaintiffs have no reasonable possibility of recovery against the non-diverse defendant(s), then the undersigned will recommend summary judgment *sua sponte* in favor of said defendant(s). The parties may submit any additional briefs and/or competent summary judgment evidence as to this issue in accordance with the existing briefing schedule for the motion to remand.

THUS DONE AND SIGNED at Monroe, Louisiana, this 15th day of January 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE