UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **CYNTHIA RANDOLPH, ET AL.** | * | **CIVIL ACTION NO. 09-2020** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **STEVE WYATT, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM RULING

Before the undersigned magistrate judge, on reference from the district court, is a motion to remand [doc. # 9] filed by plaintiffs Cynthia Randolph and Joel A Randolph.[1]  Defendants oppose the motion.  For reasons stated below, the motion is **GRANTED**.

### Background

On November 3, 2009, Cynthia Randolph (hereinafter, sometimes referred to as "Randolph") and her husband, Joel A. Randolph, filed the instant suit in the 4th Judicial District Court, for the Parish of Ouachita, State of Louisiana, against defendants Dolgencorp, LLC ("Dollar General") and Steve Wyatt, a Dollar General employee.  The petition alleges that on August 22, 2009, while shopping at the Cypress Street Dollar General store in West Monroe, Louisiana, Cynthia Randolph slipped and fell, severely injuring her right knee. (Petition, ¶¶ 2, 6).  Plaintiffs contend that the floor where she fell had been recently mopped and that there was a

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

"Wet Floor" sign, some distance away, facing away from the direction that Randolph approached the accident site. *Id*. at ¶ 3. Plaintiffs contend that the accident was caused by the negligence of defendant, Steve Wyatt, individually, and in his capacity as the store manager. *Id*. at ¶ 4. Plaintiffs allege that Wyatt was acting in the course and scope of his employment with Dollar General, and therefore, Dollar General is liable "individually, jointly, and in solido with Steve Wyatt" for plaintiffs' damages. *Id*. at ¶ 5. Plaintiffs seek recovery for Cynthia Randolph's bodily injury damages and medical expenses, as well as loss of consortium damages suffered by Joel Randolph. *Id*. at ¶¶ 6-8, Prayer.

On December 7, 2009, Dollar General and Wyatt removed this matter to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). Plaintiffs are citizens of Louisiana, as is defendant Wyatt. (Petition, Preamble; M/Remand).[2] To circumvent the apparent lack of diversity between the parties, defendants contend that plaintiffs have no reasonable possibility of recovery against Wyatt, and that he was improperly joined in an effort to defeat removal. (Amend. Notice of Removal). Plaintiffs disagree with defendants' assessment of their claims against Wyatt, and on January 5, 2010, filed the instant motion to remand because

---

[2] On January 15, 2010, the undersigned remarked that defendants had failed to allege the members and citizenship of Dolgencorp, LLC. (Jan. 15, 2010, Order [doc. # 6]). Accordingly, defendants were granted leave of court to file an amended notice of removal that established diversity jurisdiction. *Id*. On February 1, 2010, defendants filed an amended notice of removal that identified the sole member of Dolgencorp, LLC as Dollar General Corporation, a Tennessee corporation. *See* "Amended of Removal" [sic]. However, defendants did not set forth Dollar General Corporation's principal place of business as required to establish the citizenship of a corporation. 28 U.S.C. § 1332(c) (a corporation's citizenship is determined by its state of incorporation **and** its principal place of business). Defendants' repeated failure to properly allege citizenship provides an additional basis for remand. *See Patterson v. Patterson*, 808 F.2d 357, 358 (5th Cir. 1986) [dismissal (remand here) is warranted when a party has been permitted an opportunity to amend its pleadings to allege the basis for diversity jurisdiction, but still fails to do so].

of incomplete diversity, i.e. lack of subject matter jurisdiction.

On January 15, 2010 the undersigned issued an order notifying the parties that if the court found that plaintiffs had no reasonable possibility of recovery against the non-diverse defendant, then summary judgment would be recommended *sua sponte* in favor of said defendant. (Jan. 15, 2010, Order [doc. # 6]). The parties were invited to file any additional briefs and/or competent summary judgment evidence addressing the relevant issue(s). *Id*.

The undersigned also questioned whether defendants had met their burden of establishing by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional minimum. *Id*. Defendants were directed to file a memorandum which set forth specific facts in controversy sufficient to support a finding that the requisite jurisdictional amount was satisfied in this case. *Id*.

Briefing is complete, the matter is now before the court.

## Discussion

I.    **Amount in Controversy**

The Fifth Circuit has

> established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1). Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

*Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882-883 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (internal citation omitted).

"To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed

3

$75,000 or by establishing the facts in controversy in the removal petition or [summary judgment-type evidence] to show that the amount-in-controversy is met." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). Removal cannot be based upon conclusory allegations. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 n.7 (5th Cir. 1999) (citations omitted).

In their initial Notice of Removal, defendants alleged that the amount in controversy exceeded $75,000 because plaintiffs alleged damages "in the form of (i) bodily injuries including severe injuries to Cynthia Randolph's right knee; (ii) past medical expenses; (iii) future medical expenses; and (iv) loss of consortium." (Notice of Removal, ¶ 4). In other words, defendants argued that it was facially apparent from plaintiffs' petition that the amount in controversy exceeded the jurisdictional minimum. This court was not so convinced, and advised defendants to submit supporting documentation and/or affidavits to establish the requisite amount in controversy. (Jan. 15, 2010, Order). Rather than following the court's suggestion, defendants reiterated plaintiffs' damages allegations and added her statement that the fall "split" her right knee cap. *See* Defs. Response [doc. # 9].

The court again finds that it was not "facially apparent" from the complaint that the amount in controversy exceeded $75,000 at the time of removal. Although Cynthia Randolph alleged a "severe" injury to her kneecap, she did not "allege any damages for loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability." *Simon, supra*. It is not known what treatment Randolph's knee required, what those costs were, or the extent of the injury. Furthermore, plaintiffs ordinarily may not aggregate their damage claims to satisfy the requisite jurisdictional minimum.

4

*Derouselle v. Wal-Mart Stores, Inc.*, 934 F. Supp. 214, 217 (W.D. La.1996) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir.1995).  Thus, Joel Randolph's loss of consortium claim cannot be lumped together with Cynthia Randolph's claim in an effort to establish amount in controversy.

Merely because plaintiffs have not argued that their damages are below the jurisdictional threshold does not relieve defendants of their burden to establish subject matter jurisdiction. *Simon, supra*.  Here, it is not facially apparent from the complaint that either plaintiff's damages exceeded $75,000 at the time of removal, nor have defendants set forth any facts in controversy, via affidavit or otherwise, to establish the requisite amount in controversy.  Accordingly, defendants have not established subject matter jurisdiction.

**II.     Improper Joinder**

The diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants.  28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990).  To circumvent the lack of diversity between plaintiffs and defendant, Steve Wyatt, defendants invoke the improper joinder doctrine.  The improper joinder doctrine affords a "'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007) (citing *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005)).  To establish improper joinder, the removing party must demonstrate "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McDonal, supra* (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003).

In the case *sub judice*, there are no allegations of actual fraud. Accordingly, the court must determine whether defendants have demonstrated that plaintiffs have "no possibility of recovery" against the non-diverse defendant, *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against him. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc). The court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the non-diverse defendant under state law (Fed.R.Civ.P. 12(b)(6) analysis);[3] or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, *supra*. However, the "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.*[4] In the process, the court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis*, *supra*. Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.* If the removing defendant fails to establish improper joinder, then diversity is not complete and remand is required. *Id.*

### a) Corporate Officer or Employee Liability

Louisiana law provides that in limited circumstances a corporate officer or employee

---

[3] To survive a 12(b)(6) motion to dismiss, the "[f]actual allegations [in the plaintiff's petition] must be enough to raise a right to relief above the speculative level," which means that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

[4] In other words, facts that can be easily disproved if not true. *Id.*

may be held individually liable for injuries to third persons. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) (citing, *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973)). The liability may be imposed on such individuals even if the duty breached arises solely from the employment relationship. *Ford*, 32 F.2d at 936. Liability may be imposed on a manager under the following conditions:

> 1. The principal or employer owes a duty of care to the third person . . . breach of which has caused the damage for which recovery is sought.
>
> 2. The duty is delegated by the principal or employer to the defendant.
>
> 3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances-whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
>
> 4. With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or malperformance and has nevertheless failed to cure the risk of harm.

*Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994) (citing, *Canter*, 283 So.2d at 721).

It is manifest that, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. 9:2800.6(A). Moreover, the owner or custodian

of immovable property has a duty to keep such property in a reasonably safe condition. *Hutchison v. Knights of Columbus, Council No. 5747,* 847 So.2d 665 (La. App. 4th Cir. 5/7/2003), *affirmed*, 866 So.2d 228 (La. 2004). "The owner or custodian is required to discover any unreasonably dangerous conditions on the premises and correct the condition or warn potential victims of its existence." *Id*. An employee can be held individually liable by a third person for breach of a duty that arises out of the employment or agency relationship between the employee and her employer. *Canter*, 283 So.2d at 722-723.

### b) Evidence & Analysis

Unlike the typical case involving the alleged improper joinder of a store manager, the instant plaintiffs allege that defendant, Steve Wyatt, had a direct role in the accident. Randolph alleges that Wyatt asked her to "come to the right side of the counter to check out," which caused her to traverse a recently mopped floor that had an improperly placed "wet floor" sign. (Petition, ¶¶ 2-4). Randolph further alleges that Wyatt knew or should have known of the unsafe condition of the premises, yet he failed to warn her. *Id*. As the Fifth Circuit observed, "[a] supervisor's knowledge of the dangers present 'could give rise to the personal duty contemplated in *Canter*.'" *Id*. (citing *Hayden v. Phillips Petroleum Co.*, 788 F. Supp. 285, 287 (E. D. La.1992); *compare Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312 (5th Cir. 2005) (non-diverse defendants were not aware of the alleged unreasonably dangerous condition). Plaintiffs' allegations satisfy the *Canter* criteria.

In support of removal, defendants have not adduced any evidence to negate plaintiffs' allegations, nor have they established that Wyatt did not owe, or did not breach any duty to plaintiffs. Instead, defendants suggest that plaintiffs' allegations do not suffice to state a claim

8

against Wyatt. The court disagrees. *See* discussion, *supra*. Once plaintiffs have stated a claim against the non-diverse defendant, their "lack of substantive evidence as to the non-diverse defendant does not support a conclusion that he was [improperly] joined." *Travis*, 326 F.3d at 650-651. At this point, defendants must come forward with evidence to negate a possibility of liability against the non-diverse defendant. *Id*. They have not done so, and thus have failed to preclude the reasonable possibility that Wyatt is subject to liability under state law.[5]

Wyatt's continued presence in the suit negates complete diversity between the parties as required to support subject matter jurisdiction. 28 U.S.C. § 1332. Remand is required. 28 U.S.C. § 1447.

### III.  Costs and Fees

Plaintiffs seek an award of costs and attorney's fees as a result of defendants' improvident removal. An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," that were incurred as a result of removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.* 546 U.S. 132, 126 S.Ct. 704 (2005).

In this case, not only did defendants fail to establish complete diversity, they also did not satisfy the minimum amount in controversy. Thus, subject matter jurisdiction was lacking on multiple fronts. Under these circumstances, the court finds that defendants lacked an objectively

---

[5] Having found a reasonable possibility of recovery against the non-diverse defendant, the court does not (and cannot) reach the issue of summary judgment. *See* Jan. 15, 2010, Order [doc. # 6].

reasonable basis to remove the matter to federal court

In support of their request for fees and costs, plaintiffs' counsel submitted an unsigned affidavit indicating that he expended more than three hours researching, preparing, and filing the instant motion to remand. (Daniel Parker Affidavit; M/Remand, Exh.). Because the affidavit is unsigned, however, the court cannot rely upon it. Rather, an independent review of the threadbare motion to remand and supporting memorandum justify no more than two billable hours of counsel's time. Counsel also did not submit any evidence to establish a reasonable billing rate. In the absence of any evidence in this regard, the court finds that $150/hr. represents a reasonable rate under the circumstances. Accordingly, the court will award plaintiffs $300 ($150/hr. x 2) for costs and fees associated with the improvident removal.

### IV. Conclusion

For the foregoing reasons,

The motion to remand [doc. # 4] filed by plaintiffs Cynthia Randolph and Joel A. Randolph is hereby **GRANTED**; the case shall be **REMANDED** to the Fourth Judicial District Court for the Parish of Ouachita. Plaintiffs' request for fees and costs is **GRANTED**; $300 shall be assessed against defendants and in favor of plaintiffs

THUS DONE AND SIGNED at Monroe, Louisiana, this 10th day of February 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE